**UNITED STATES of America, Appellee,**

v.

**William BARNERD, Appellant.**

**No. 88–2549.**

United States Court of Appeals, Eighth Circuit.

Submitted April 26, 1989.

Decided Aug. 30, 1989.

Publication Ordered Oct. 11, 1989.

Before ARNOLD, JOHN R. GIBSON and BOWMAN, Circuit Judges.

PER CURIAM.

William Barnerd appeals from the sentence imposed upon him after pleading guilty to charges of conspiracy to possess with intent to distribute cocaine and to possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a) and 846. The only issue raised on appeal deals with the constitutionality of the Sentencing Guidelines. We affirm the sentence imposed by the district court.[1]

Barnerd first argues that the guidelines violate the separation of powers doctrine, because the service of Article III judges on the Sentencing Commission threatens the independence and impartiality of the judiciary. These issues have been decided adversely to Barnerd in *United States v. Mistretta,* —— U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).

Barnerd next argues that the guidelines violate his right to due process. Barnerd first contends that the guidelines violated his right to individual sentencing, limiting

1. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

his right to present relevant evidence at sentencing and unduly restricting the court's sentencing discretion. He argues that the guidelines do not take into account age, education, employment, mental and emotional condition, health, alcohol or drug abuse or family and community ties in determining a sentence. We have decided this argument adversely to Barnerd in two decisions. *See United States v. Nunley,* 873 F.2d 182, 186 (8th Cir.1989); *United States v. Brittman,* 872 F.2d 827, 828 (8th Cir.1989).

Barnerd next argues that the guidelines violate his due process rights by not providing certain procedural safeguards. Barnerd specifically objects that the guidelines provide neither a right to trial by jury on each fact that results in an increase in a sentence, nor that the government prove these facts beyond a reasonable doubt. While the government makes no counterargument on this issue, we are not persuaded. The lack of these additional procedures at sentencing does not amount to an "erroneous deprivation" of Barnerd's interests under the test of *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976). No court has ever found these rights claimed by Barnerd to exist under the present sentencing procedures. Barnerd, also in support of his procedural due process argument, asserts that the guidelines provide no right to confront and cross-examine witnesses with respect to the facts relevant to sentencing. We are not convinced that this issue is squarely presented by this appeal. Barnerd makes no argument based on a particular disputed fact that he claims is in issue and which would be affected by any failure to provide the right of confrontation and cross-examination. In any event, we observe that guideline section 6A1.3 deals with resolution of disputed sentencing factors and the

Commission's Commentary makes plain that the informality under earlier practice will no longer exist under the guidelines and that greater formality and necessity for hearing may be required.[2] The Commentary demonstrates the broad discretion given to the district court and the scope of the information that may be considered. The testimony of witnesses will be presented in some cases. We have no doubt that district judges will observe the requirements for confrontation and cross-examination of such witnesses, and any issues in this respect will be treated as they arise. We are convinced, however, that there is no basis in the record before us to sustain Barnerd's constitutional argument with respect to these claimed procedural safeguards.

Barnerd finally argues that the Sentencing Guidelines violate the presentment clause of the United States Constitution as they are legislation that was not signed by the President. *See* U.S. Const. art. I, § 7. Delegation of power to the Sentencing Commission to establish the Sentencing Guidelines, however, is provided for in 28 U.S.C. § 991, which was signed by the President. The President's signature on the actual guidelines is therefore not required.

We affirm the sentence imposed by the district court.

**2.** The Commentary to section 6A1.3 states:
When a reasonable dispute exists about any factor important to the sentencing determination, the court must ensure that the parties have an adequate opportunity to present relevant information. Written statements of counsel or affidavits of witnesses may be adequate under many circumstances. An evidentiary hearing may sometimes be the only reliable way to resolve disputed issues. *See United States v. Fatico,* 603 F.2d 1053, 1057 n. 9 (2d Cir.1979). The sentencing court must determine the appropriate procedure in light of the nature of the dispute, its relevance to the sentencing determination, and applicable case law.