**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Karen Sue FREDERICK,**
**Defendant–Appellant.**

**No. 89–6009.**

United States Court of Appeals,
Tenth Circuit.

Feb. 28, 1990.

Rehearing Denied April 13, 1990.

Susan M. Otto, Asst. Federal Public Defender, Oklahoma City, Okl., for defendant-appellant.

D. Blair Watson, Asst. U.S. Atty. (William S. Price, U.S. Atty., with him on the brief), Oklahoma City, Okl., for plaintiff-appellee.

Before McKAY and SETH, Circuit Judges, and CONWAY, District Judge.*

---

* Honorable John E. Conway, United States District Judge for the District of New Mexico, sitting by designation.

McKAY, Circuit Judge.

This case involves a challenge to the defendant's sentence which was imposed under the federal sentencing guidelines.

## I. *Facts*

Defendant was charged and sentenced for possession of nineteen grams of heroin with intent to distribute. It is uncontroverted by either party that defendant was also involved in other criminal activities. Defendant participated as a front for the sale of heroin. She was also recorded making a deal to supply cocaine; and cocaine was found during the subsequent search of her house.

Following her arrest defendant entered into a plea agreement with the United States. In exchange for her full and complete cooperation, the government agreed to reduce the charges to a single count of possession of nineteen grams of heroin with intent to distribute. Defendant's plea of guilty under the plea agreement was accepted by the trial court which then proceeded to sentencing.

During the sentencing phase, the trial court relied on all of the defendant's criminal activities—including activities not involving the nineteen grams of heroin—in computing the base offense level under the sentencing guidelines. The trial court rejected defendant's objection to the use of this non-charged criminal activity in the presentence report. The trial court concluded that the government had the burden to prove that noncharged criminal activity actually took place. However, the test for this activity was a "preponderance of the evidence" and not "beyond a reasonable doubt." The trial court held an evidentiary hearing and ultimately sentenced defendant partially based on non-charged criminal activity.

Defendant appeals her sentence on two grounds. Initially, she claims that the trial court's use of non-charged criminal activity in computing her sentence violated her right to due process because she was sentenced for crimes of which she had never been convicted. Secondly, defendant challenges the Sentencing Commission's 1988 revision of the sentencing guidelines—which required judges to consider non-charged criminal activity in reaching a sentence—as beyond the Commission's statutory authority. We address each challenge in turn.

## II. *Standard of Review*

Both of the defendant's challenges—whether the guidelines violate due process and whether the Commission acted outside its authority—are questions of law subject to de novo review by this court. *In re Ruti–Sweetwater, Inc.*, 836 F.2d 1263, 1266 (10th Cir.1988). When an issue concerns a question of law, the standard of review on appeal is the same as that which was applied by the trial court in making its initial ruling. *Boise City Farmers Co-op v. Palmer*, 780 F.2d 860, 866 (10th Cir.1985). Therefore, we apply our independent judgment to each of defendant's challenges. We hold that the trial court correctly denied defendant's challenge on the first ground, and we conclude that the second ground has no merit. As a result, we affirm the trial court's sentence.

## III. *Due Process*

■ Initially we note that there is no question that the guidelines were properly applied by the trial court. Defendant simply claims that the guidelines, as correctly applied, violated her due process rights. The guidelines required the trial court to sentence the defendant based on evidence of offenses which were not proved beyond a reasonable doubt.[1] Defendant claims that she should only be sentenced for offenses which have been proven to the level that would support a conviction—beyond a

---

1. Defendant also points out that the effect of the trial court's action is to vitiate the impact of her plea agreement. While we agree with defendant that she has lost a large part of the benefit of her plea agreement, we also observe that the agreement itself has not been violated. Defendant was not charged or convicted of any crime except the crime to which she pled guilty. However, the issue of violation of the plea agreement is not before us and we need not decide that issue.

reasonable doubt. We affirm the trial court's rejection of the beyond-a-reasonable-doubt standard and thus conclude that the trial court's action did not violate defendant's due process rights.

Defendant cited no authority for her claim that the standard for sentencing evidence should be beyond a reasonable doubt. Based on several factors, we hold that the correct standard is the preponderance of the evidence.

First, there are several authorities which support the preponderance-of-the-evidence standard. The federal sentencing guidelines did not repeal or change 18 U.S.C. § 3661 (1985). Section 3661 states: "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Prior to the sentencing guidelines, sentencing courts relied on section 3661, and its predecessor 18 U.S.C. § 3577, in considering virtually any relevant information—without any prescribed burden of proof—in making sentencing decisions. In *Smith v. United States*, 551 F.2d 1193, 1196 (10th Cir.1977), we stated that former section 3577 "was enacted in order to clearly authorize the trial judge to rely upon information of alleged criminal activity for which the defendant has not been prosecuted." Without a modification of this statute, the continued practice of considering all relevant evidence is presumptively correct.

The Supreme Court has also specifically supported the preponderance of the evidence test in a relevant case. In *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), the Court considered a Pennsylvania statute which required sentencing courts to impose a minimum sentence of five years for certain felonies if the sentencing judge found, by a preponderance of the evidence, that the person visibly possessed a firearm during the commission of the offense. The firearm consideration was not part of the offense, but was only considered at the sentencing phase. The Supreme Court noted:

"The Act operates to divest the judge of discretion to impose any sentence of less than five years for the underlying felony." *Id.* at 81–82, 106 S.Ct. at 2413–14. This statute was challenged on the ground that due process required the firearm possession to be proved by at least clear and convincing evidence. However, the Supreme Court held:

Like the court below, we have little difficulty concluding that in this case the preponderance standard satisfies due process.... Furthermore, petitioners do not and could not claim that a sentencing court may never rely on a particular fact in passing sentence without finding that fact by "clear and convincing evidence." Sentencing courts have traditionally heard evidence and found facts without any prescribed burden of proof at all.

*Id.* at 91, 106 S.Ct. at 2419.

The Supreme Court went on in *McMillan* to address the same argument that defendant makes here. The defendant in *McMillan* argued that Pennsylvania's sentencing scheme would pass constitutional muster if it did not remove the sentencing court's discretion, *i.e.* if it did not impose a mandatory sentence for certain activity to be found by a preponderance of evidence. Defendant makes essentially the same argument when she claims that the sentencing guidelines make the old practice of considering all relevant conduct unconstitutional because the sentencing court no longer has the discretion to weigh the certainty with which the other relevant conduct has been proven. The Supreme Court held:

We have some difficulty fathoming why the due process calculus would change simply because the legislature has seen fit to provide sentencing courts with additional guidance.... Sentencing courts necessarily consider the circumstances of an offense in selecting the appropriate punishment, and we have consistently approved sentencing schemes that mandate consideration of facts related to the crime, *e.g.*, *Proffitt v. Florida*, 428 U.S. 242 [96 S.Ct. 2960, 49 L.Ed.2d 913] (1976), without suggesting that those

facts must be proved beyond a reasonable doubt.

*Id.* at 92, 106 S.Ct. at 2419.

Thus, the Supreme Court authority closest to the facts of this case upholds the preponderance of the evidence standard and the practice of sentencing for non-charged conduct. Although the case obviously does not discuss the federal sentencing guidelines, it clearly does not give any indication that the Supreme Court would adopt the defendant's position under the analogous facts of this case.

Second, we have engaged in our own detailed research of the treatment given to this topic by other federal courts. We found no other circuit that has adopted the beyond-a-reasonable-doubt standard. Indeed, every circuit and nearly every district court that has addressed the question has adopted the preponderance-of-the-evidence standard and upheld the guideline's procedure.[2]

The only court that our research revealed that has rejected the preponderance standard and the procedure outlined by the guidelines was *United States v. Davis,* 715 F.Supp. 1473 (C.D.Cal.1989). *Davis* basically concluded that under old practice judges were allowed to weigh facts depending upon their confidence in the reliability of their finding, while the sentencing guidelines now take this discretion from judges. We believe that the Supreme Court ad-

dressed just such a concern in *McMillan* and concluded that limiting judicial discretion did not violate the due process clause.[3] Even the *Davis* court concluded that sentences that are within the statutory maximum for the offense actually charged and sentences that are not overwhelmingly based upon uncharged conduct do not violate the due process clause, even when the underlying facts are found by a preponderance of the evidence. *Id.* at 1478. Defendant's sentence in this case was within the statutory maximum for the crime to which she pled guilty and thus is presumptively valid even under *Davis.*

Based on the foregoing, we affirm the trial court's use of the non-charged conduct when applying the guidelines to determine the defendant's sentence.

### IV. *1988 Guideline Revisions*

■ The defendant also challenges the January 15, 1988 revisions to the sentencing guidelines which mandate the procedure of considering uncharged conduct in sentencing. Defendant claims that these revisions are beyond the scope of the power that was given to the Sentencing Commission to revise the guideline system. The Commission was given the emergency power to amend the guidelines outside of the statutory scheme for any reason relating to the application of a previously established guideline.[4] However, the Sentencing

---

2. *United States v. Candito,* 892 F.2d 182 (2d Cir.1989) (adopted preponderance of evidence standard and specifically rejected the only case contrary); *United States v. Strong,* 891 F.2d 82 (5th Cir.1989) (a sentence within the statutory maximum that is based on stipulated conduct does not violate due process); *United States v. Giltner,* 889 F.2d 1004 (11th Cir.1989) (court can rely on hearsay and sentence for conduct not included in the indictment); *United States v. Fox,* 889 F.2d 357 (1st Cir.1989) (due process is not violated by sentencing court considering violations not prosecuted because of plea bargain); *United States v. Barnerd,* 887 F.2d 841 (8th Cir.1989) (sentencing guidelines do not violate due process by virtue of failure to provide for right to trial by jury on facts which result in increase in sentence); *United States v. Vinson,* 886 F.2d 740 (4th Cir.1989) (preponderance standard is appropriate under the due process clause for every fact necessary to increase the offense level under the sentencing guidelines). *See also United States v. Urrego–Linares,* 879

F.2d 1234, 1237–38 (4th Cir.1989), for a fairly detailed justification of the preponderance-of-the-evidence standard and a list of district court cases adopting the preponderance-of-the-evidence standard.

3. Subsequent to the *Davis* case, the Ninth Circuit adopted precisely this position in *United States v. Restrepo,* 883 F.2d 781, 784 n. 7 (9th Cir.1989). Thus, presumably *Davis* is invalid even in the Ninth Circuit.

4. The Sentencing Act of 1987 provided that: "In the case of—(1) an invalidated sentencing guideline; (2) the creation of a new offense or amendment of an existing offense; or (3) *any other reason relating to the application of a previously established guideline, and determined by the United States Sentencing Commission to be urgent and compelling;* the Commission ... shall promulgate and distribute to all courts of the United States and to the United States Pro-

Act of 1987 did not expressly give the Commission the power to make substantive changes on its own. Defendant claims that the 1988 changes were substantive in nature. We hold that the changes were a permissible clarification of an existing guideline.

Initially we note that defendant did not raise this issue in the trial court. Normally, failure to alert the trial court to an error precludes review of that same issue by this court. *United States v. Mitchell*, 783 F.2d 971, 975 (10th Cir.), *cert. denied*, 479 U.S. 860, 107 S.Ct. 208, 93 L.Ed.2d 138 (1986). However, in this case we briefly review this issue since the outcome is determinative of the defendant's liberty and both parties have fully briefed the issue.

We are persuaded by the resolution of this issue made by the Second Circuit in *United States v. Guerrero*, 863 F.2d 245 (2d Cir.1988). The Second Circuit initially noted that the Commission's intention in promulgating its 1988 changes was merely to enhance the understanding and clarity of the existing guidelines and not to make substantive changes. The court concluded that: "Though these statements cannot be accepted as conclusive, a result that would enable the Commission to make substantive changes in the guise of 'clarification,' the Commission's view of its purpose in revising its guidelines and commentary is entitled to considerable deference." *Id.* at 250. We agree with the Second Circuit's conclusion that the Commission's change "in the language of that guideline only clarify a meaning that was fairly to be drawn from the original version." *Id.*

The 1987 version of section 1B1.3 of the guidelines provided in relevant part that the sentencing court, in assessing the seriousness of the offense, should take into account "all conduct, circumstances, and injuries relevant to the offense of conviction." United States Sentencing Commission, *Guidelines Manual*, § 1B1.3 (October

1987). The section went on to define relevant conduct as:

> [C]onduct and circumstances relevant to the offense of conviction means: acts or omissions committed or aided and abetted by the defendant, or by a person for whose conduct the defendant is legally accountable, that (1) are part of the same course of conduct, or a common scheme or plan, as the offense of conviction....

*Id.* at § 1B1.3(a).

The January 1988 revision to section 1B1.3 simply maintained the earlier definition of relevant conduct. Section 1B1.3(a) now provides that sentencing courts should look to "all acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." United States Sentencing Commission, *Guidelines Manual*, § 1B1.3(a)(2) (November 1, 1989). The language of the later guideline carefully tracks the language of the earlier guideline. The 1988 revision does not add to the definition of relevant conduct; it merely identifies several aspects of relevant conduct just as the earlier guideline did. Thus, we reject the defendant's contention that the Commission went beyond the scope of its authority when it promulgated the 1988 revisions to the guidelines. The amendment was a minor, nonsubstantive change clearly "relating to the application of a previously established guideline" as the Sentencing Act of 1987 required.

Based on the foregoing, the sentence imposed by the trial court is AFFIRMED in all respects.

---

bation System a temporary guideline or amendment to an existing guideline, to remain in effect until and during the pendency of the next report to Congress under section 994(p) of title

28, United States Code." Sentencing Act of 1987, Pub.L. No. 100–182 § 21(a), 101 Stat. 1271 (1987) (emphasis added).