**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John BEAULIEU, Defendant–Appellant.**

**No. 88–2580.**

United States Court of Appeals,
Tenth Circuit.

April 17, 1990.

Edward Y. Crandall, Midwest City, Okl., for defendant-appellant.

Robert G. McCampbell, Asst. U.S. Atty. (William S. Price, U.S. Atty., with him on the brief), Oklahoma City, Okl., for plaintiff-appellee.

Before TACHA and SETH, Circuit Judges, and BROWN, District Judge *.

SETH, Circuit Judge.

This is an appeal from the trial court's upward adjustment of defendant's sentence imposed under the United States Sentencing Guidelines ("Guidelines"). John Beaulieu, defendant-appellant, contends that the trial court's upward adjustment based on the court's finding that he obstructed justice by testifying untruthfully is unconstitutional and based on insufficient evidence. Finding no constitutional error in the trial court's upward adjustment and that the court was not clearly erroneous in its finding that defendant testified untruthfully, we affirm the trial court's sentence.

The defendant was charged, along with his brothers Darrell and Ronald Beaulieu, with conspiracy to manufacture amphetamines in violation of 18 U.S.C. § 846. *See United States v. Ronald Beaulieu*, 900 F.2d 1531 (10th Cir.); *United States v. Darrell Beaulieu*, 893 F.2d 1177 (10th Cir.). In a joint trial with his brother Ronald, defendant denied all involvement with the manufacturing of amphetamines. Defendant's version of the facts was contradicted by several government witnesses. After the jury returned a guilty verdict, in a hearing prior to sentencing, the defendant objected to a pre-sentence report rec-

ommendation that his base offense level of 26 be adjusted by two levels on the ground that he obstructed justice by testifying untruthfully. *See* Guidelines § 3C1.1, n. 1(c). The trial court accepted the pre-sentence report recommendation and concluded that defendant testified untruthfully. At sentencing, the court applied the Guidelines and adjusted the defendant's base offense level by two levels for obstruction of justice to result in a total offense level of 28. Defendant was sentenced to 80 months' imprisonment, within the Guidelines range for his total offense level.

Defendant does not contest his underlying conviction, but objects to the sentencing court's two level upward adjustment for obstruction of justice based on its finding that he testified untruthfully. Defendant first asserts that sentencing in this manner is unconstitutional in violation of due process and his right to testify. We review defendant's constitutional challenges *de novo* since they involve contested issues of law. *See United States v. Frederick*, 897 F.2d 490, 491–92 (10th Cir.). The standard of review on appeal for issues of law is the same as that applied by the trial court in making its initial ruling. *Id.* For the reasons stated below, we hold that defendant's constitutional challenges have no merit.

■ Section 3C1.1 of the Guidelines allows the sentencing judge to adjust a defendant's sentence for obstruction of justice. Application Note 1(c) to § 3C1.1 states, in relevant part, that "testifying untruthfully ... concerning a material fact" is conduct that may justify a finding of obstruction of justice. Application Note 3 further states that "[t]his provision is not intended to punish a defendant for the exercise of a constitutional right. A defendant's denial of guilt is not a basis for application of this provision."

Defendant contends that the sentencing court's consideration of his untruthful testimony inhibits exercise of his right to testi-

---

* Honorable Wesley E. Brown, United States District Judge for the District of Kansas, sitting by designation.

fy. As support he urges that "he has a right to put on a defense and not be placed on the horns of a dilemma by having to decide whether the trial Judge will punish him harsher at the sentencing stage if the jury returns a verdict of guilty and he testifies at trial." Defendant's Brief at 13.

It is clear that prior to the Guidelines, it was not unconstitutional for a sentencing judge to consider a defendant's false testimony as observed by the judge at trial. *See United States v. Grayson*, 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582; *Humes v. United States*, 186 F.2d 875, 878 (10th Cir.). The Supreme Court in *Grayson* expressly rejected an indistinguishable argument from the one presented by defendant that consideration of a defendant's untruthful testimony at sentencing would violate his right to testify. In rejecting this argument, the Court held that there is no protected right to commit perjury. *See Grayson*, 438 U.S. 41, 54, 98 S.Ct. 2610, 2617, 57 L.Ed.2d 582. The Court further stated:

"That argument misapprehends the nature and scope of the practice we find permissible.... [W]e are reaffirming the authority of a sentencing judge to evaluate carefully a defendant's testimony on the stand, determine—with a consciousness of the frailty of human judgment—whether that testimony contained willful and material falsehoods, and, if so, assess in light of all the other knowledge gained about the defendant the meaning of that conduct with respect to his prospects for rehabilitation and restoration to a useful place in society. Awareness of such a process realistically cannot be deemed to affect the decision of an accused but unconvicted defendant to testify truthfully in his own behalf."

*Id.* at 55, 98 S.Ct. at 2618.

Although *Grayson* is a pre-Guidelines case, there is nothing to indicate that the same result would not apply under the facts of this case. Our holding is consistent with other circuits which have similarly found this argument to be unpersuasive under the Guidelines. *See United States v. Wagner*, 884 F.2d 1090, 1098 (8th Cir.) (rejecting argument that an adjustment for

testifying untruthfully violated defendant's constitutional right to testify); *United States v. Acosta–Cazares*, 878 F.2d 945, 953 (6th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 255, 107 L.Ed.2d 204 (defendant's right to testify is not violated where the sentencing judge believes that the defendant attempted to obstruct justice under § 3C1.1 by lying during his testimony).

■ Defendant's next contention that the trial court's consideration of his untruthful trial testimony deprived him of due process is likewise without merit. Defendant asserts that sentencing in this manner violates due process because it is arbitrary in that it allows the court to "draw the line" between what is true or false. Defendant's Brief at 13. Moreover, defendant urges that he is being punished for perjury, a crime for which he was not convicted.

Initially, we note that these arguments were flatly rejected in *Grayson*. The Supreme Court held that it did not violate due process and was within proper judicial discretion for a sentencing judge, who observed the defendant at trial, to consider the defendant's alleged perjury at trial, a crime for which the defendant was not tried or convicted. *See Grayson*, 438 U.S. at 52–54, 98 S.Ct. at 2616–18. The Court explained:

"[T]he evolutionary history of sentencing ... demonstrates that it is proper—indeed, even necessary for the rational exercise of discretion—to consider the defendant's whole person and personality, as manifested by his conduct at trial and his testimony under oath, for whatever light those may shed on the sentencing decision."

*Id.* at 53, 98 S.Ct. at 2617.

The fact that *Grayson* is a pre-Guidelines case does not, as a matter of due process, change the result. "As a matter of due process ... the enactment of the Sentencing Reform Act of 1984 requires no different rules with respect to what evidence may be used in determining a sentence than were already in place." *Beaulieu*, 893 F.2d at 1180 (10th Cir.) (citing *United States v. Sciarrino*, 884 F.2d 95, 97

(3d Cir.)). Since a sentencing judge's consideration of the defendant's untruthfulness at trial did not violate due process prior to the Guidelines and we find nothing in the Guidelines which supports a contrary result, we must reject defendant's argument.

Furthermore, defendant's argument essentially restates a challenge which we have already rejected. We recently held that the *quantum of proof required by due process* for the trial court to make factual determinations during sentencing under the Guidelines is a preponderance-of-the-evidence and not beyond-a-reasonable-doubt. *Frederick,* 897 F.2d at 491–94 (10th Cir.). Accordingly, we found no due process violation by the sentencing court's consideration, based on a preponderance of the evidence, of criminal activity for which the defendant had never been charged or convicted. *Id. See also United States v. Barnerd,* 887 F.2d 841, 842 (8th Cir.) (the Sentencing Guidelines do not violate due process because defendant does not have a right to trial by jury on facts which result in increase in sentence). In this case, similarly, there is no due process requirement that a sentencing judge under the Guidelines can consider the non-charged conduct of defendant (perjury) only if the *quantum of proof* would support a conviction.

"Due process requires that a defendant not be sentenced on the basis of 'misinformation of a constitutional magnitude.'" *Beaulieu,* 893 F.2d at 1181 (citing *United States v. Tucker,* 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592). Section 6A1.3(a) of the Guidelines states, in relevant part, that:

> "When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor. In resolving [this dispute] ... the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has *sufficient indicia of reliability to support its probable accuracy.*" (Emphasis added.)

After reviewing the record in this case, we fail to find any due process violation by the sentencing court's consideration of defendant's untruthful testimony. The court held a hearing, prior to sentencing, where the defendant was provided an opportunity to rebut the pre-sentence report recommendation that he testified untruthfully. Further, the sentencing judge's determination that the defendant committed perjury while on the stand was based on his personal observation of defendant's demeanor at trial which satisfies the indicia of reliability required under the Federal Rules of Evidence. *See United States v. Bortnovsky,* 879 F.2d 30, 43 (2d. Cir.) (no due process violation by sentencing judge's failure to conduct a hearing prior to enhancing defendant's sentence based on alleged perjury at trial, where judge who imposed sentence was the same judge at trial).

■ Defendant next contends that the evidence is insufficient to support the trial court's finding that he obstructed justice by testifying untruthfully. Whether the defendant testified untruthfully is a factual determination. *See United States v. O'Meara,* 895 F.2d 1216 (8th Cir.). We shall give due regard to the opportunity of the district court to judge the credibility of the witnesses and accept the district court's findings of fact unless they are clearly erroneous. *See* 18 U.S.C. § 3742(e). Under the clearly erroneous standard, we will not reverse the trial court unless the court's finding was without factual support in the record, or if after reviewing all the evidence we are left with a definite and firm conviction that a mistake has been made. *Beaulieu,* 893 F.2d 1177, 1182.

In this case, the trial court clearly disbelieved defendant's testimony, stating:

> "I recall in great detail the explanations he gave at trial concerning the items found in his house, his association and participation with some of these members of the conspiracy. And not only did it simply not ring true, it was just flatly contradicted by the evidence of numerous accomplice witnesses and the corrob-

orating evidence presented by the government."

Record, Vol. 5, at 76–77.

A review of the record fully supports the trial court's conclusion that defendant testified untruthfully. At trial, defendant denied all involvement in the manufacturing of amphetamines, in flat contradiction to the testimony of government witnesses, Regina Chester, Clint Bowen, Terry Bowen and Russell Allen. Record, Vol. 2, at 10–15; Vol. 3, at 280–84. Further, the government witnesses' testimony was corroborated with respect to the extent of defendant's involvement in the conspiracy. The defendant, on the other hand, testified that he was unaware that a box seized from his bedroom contained items used to manufacture amphetamine because the box belonged to his brother. Record, Vol. 3, at 273–74, 280. In addition, the defendant admitted owning a triple beam scale seized at his house; however, he testified he didn't use it, could not recall where it came from and denied testimony that he was present when the scale was used to weigh amphetamines. Record, Vol. 3, at 274, 280–81.

Based on this testimony and our deference to the trial court's credibility assessments, we cannot find that the sentencing judge's conclusion that defendant testified untruthfully was clearly erroneous. Our conclusion is not altered by Application Note 2 to § 3C1.1 which states that "[i]n applying this provision, suspect testimony and statements should be evaluated in a light most favorable to the defendant." This provision has be interpreted as instructing the sentencing judge to resolve in favor of the defendant those conflicts about which the judge, after weighing the evidence, has no firm conviction. *See United States v. Franco–Torres*, 869 F.2d 797, 801 (5th Cir.). Here, it is clear that the sentencing judge firmly disbelieved defendant's testimony.

AFFIRMED.