9 F.3d 113
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roland PRICE, Defendant-Appellant.
 No. 93-1892.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 5, 1993.*
Decided Oct. 6, 1993.
 
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Roland Price, sentenced as a career criminal under U.S.S.G. Sec. 4B1.1, alleges that the Sentencing Commission exceeded its delegation of congressional authority in promulgating the first sentence of U.S.S.G. Sec. 4A1.2, Application Note 3 concerning related sentences.[1] We affirm.
 
 I. Background
 
 2
 Price pleaded guilty in January 1992 to robbing the M & I Northern Bank in Brookfield, Wisconsin. 18 U.S.C. Sec. 2113(a). At sentencing, the trial court classified Price as a career offender which increased Price's guideline range. Under the guidelines, a career offender is a defendant with at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. Sec. 4B1.1. The court determined that the sentences for Price's six prior robbery convictions were unrelated under Sec. 4A1.2 of the Sentencing Guidelines and would be counted separately. Price appealed his classification as a career criminal and won on the ground that the 1991 Amendments to the Sentencing Guidelines considered prior sentences resulting from offenses that were consolidated at trial or at sentencing to be related. Because Price's six prior offenses had all been consolidated, the sentences were related and would be counted as only one prior conviction for the purposes of Sec. 4B1.1. United States v. Price, No. 92-2217 (7th Cir. January 7, 1993) (remanding for resentencing based on decision in United States v. Woods, 976 F.2d 1096 (7th Cir.1992)).
 
 
 3
 During resentencing, the government established that four of Price's six prior convictions were for offenses that had been committed before his first arrest. Once he was released on bail, Price committed two more robberies for which he was again arrested and charged. Thus, the trial court classified Price as a career criminal because each set of robberies, before and after his first arrest, counted as one prior conviction. Price was sentenced accordingly. U.S.S.G. Sec. 4A1.2, comment. (n. 3).
 
 II. Analysis
 
 4
 Price argues that the Sentencing Commission exceeded its authority when it made an intervening arrest the determining factor in counting prior convictions for the purpose of establishing career offender status. We will review the matter de novo. United States v. Teta, 918 F.2d 1329, 1332 (7th Cir.1990); United States v. Frederick, 897 F.2d 490, 491 (10th Cir.1990) (whether Sentencing Commission exceeded its authority is a question of law and should be reviewed de novo ).
 
 
 5
 Congress authorized the Sentencing Commission to enact guidelines specifying a term of imprisonment at or near the maximum for defendants who have "previously been convicted of two or more prior felonies, each of which is (A) a crime of violence or (B) a [drug offense]." 28 U.S.C. Sec. 994(h)(2). This subsection reflected congressional concern that repeat violent offenders and drug traffickers should receive substantial prison terms. S.Rep. No. 98-225, 98th Cong., 1st Sess. (1983) reprinted in 1984 U.S.C.C.A.N. 3182, 3358.
 
 
 6
 The Sentencing Commission devised a system based on empirical research that punished repeat offenders more severely but that also took into account additional factors indicating the likelihood of recidivism and the nature of prior criminal behavior. U.S.S.G. Ch. 4, Pt. A, intro. comment. The Commission decided to distinguish between related and unrelated sentences, counting prior related sentences, as defined under U.S.S.G. Sec. 4A1.2(a), as one prior conviction. Sentences resulting from cases that were consolidated for sentencing or trial were considered related. The 1991 Amendments, however, added a caveat to Sec. 4A1.2 that prior sentences for offenses that were separated by an intervening arrest would be counted as separate convictions even if the cases had been consolidated. U.S.S.G. Sec. 4A1.2, comment. (n. 3).
 
 
 7
 Price argues that the "intervening arrest" factor used by the Commission places too much emphasis on the arrest and not enough on the resulting conviction. That is, Congress was much more concerned with how many times a defendant had "been through the system" rather than arrested. According to his theory, Price has one prior conviction because he only went through the system once for the six robbery offenses. Neither the statute nor the legislative history lends any credence to this claim.
 
 
 8
 Congress granted the Commission substantial discretion in formulating the guidelines, Mistretta v. United States, 488 U.S. 361, 377 (1988), that necessarily included establishing procedures for counting previous convictions. Contrary to Price's contention, Application Note 3 does not place more importance on an arrest than a conviction. An arrest is significant only if the defendant is convicted for the offenses committed both before and after the arrest. Furthermore, the arrest factor serves as an objective means to determine which sentences are related for career criminal classification purposes. Although Congress was concerned primarily with repeat offenders, nowhere are such individuals defined as those that have "been through the system" more than once. Moreover, Congress has recognized that the commission of a crime while on release pending trial on other charges that ultimately results in conviction warrants more severe punishment. 28 U.S.C. Sec. 994(i).[2] When a defendant has been arrested and charged but not yet convicted, he is still put on notice that his prior conduct may have violated the law.
 
 
 9
 Finally, Congress is given an opportunity to review the Commission's amended guidelines before they go into effect and to voice its disapproval if the amendments contravene its wishes. United States v. Lueddeke, 908 F.2d 230, 233 (7th Cir.1990) (Congress could modify any aspect of the Guidelines inconsistent with its mandate). Amendments to the text of the Guidelines and the application notes are presented to Congress simultaneously for approval. Woods, 976 F.2d at 1102. This court sees no reason why it should find that the Commission exceeded its authority where Congress itself has not.
 
 
 10
 For these reasons, we AFFIRM the defendant's sentence.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 In his response to our notice under Federal Rule of Appellate Procedure 34(a) and Circuit Rule 34(f), appellant withdrew his second issue, whether the district court abused its discretion by failing to depart downward from the sentencing guideline range. This court agrees that it lacks jurisdiction to review the district court's decision where the refusal to depart downward is an exercise of discretion. United States v. Correa, No. 92-1681, 1993 WL 186762 (7th Cir. June 2, 1993)
 
 
 [2]
 28 U.S.C. Sec. 994(i) states: The Commission shall assure that the guidelines specify a sentence to a substantial term of imprisonment for categories of defendants in which the defendant ... (4) committed a crime of violence that constitutes a felony while on release pending trial ... for which he was ultimately convicted