**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 95-5426

ANTOINETTE NATALIE LEWIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
William L. Osteen, Sr., District Judge.
(CR-94-298)

Submitted: April 9, 1996

Decided: April 23, 1996

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles Jackson Alexander, II, MORROW, ALEXANDER, TASH &
LONG, Winston-Salem, North Carolina, for Appellant. Walter C.
Holton, Jr., United States Attorney, Loretta C. Biggs, Assistant
United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Antoinette Natalie Lewis appeals from the district court's order denying her motion to suppress evidence. Lewis entered a conditional guilty plea to possession with the intent to distribute cocaine base, reserving the right to appeal the denial of her motion to suppress. Lewis claims that her Fourth Amendment right against unreasonable searches and seizures was violated. We affirm.

Detectives A. Tackett and E. Hoover observed Lewis in a North Carolina airport. Lewis deplaned a flight from New York and walked toward the terminal. Tackett saw Lewis hold a carry-on bag close to her body and periodically look behind her as she walked. Tackett approached Lewis near a bathroom and identified herself as a police officer. Tackett informed Lewis that they were doing a routine check of passengers for illegal drugs. Tackett asked Lewis for identification and Lewis showed Tackett an airplane ticket bearing the name Darius Lewis. Lewis did not have any other identification. Tackett asked Lewis whether she was carrying any illegal drugs and Lewis responded that she was not. Lewis consented to a search but said she had to use the bathroom. Tackett told Lewis that she was free to use the bathroom.

Tackett and Lewis entered the bathroom. Lewis placed her bag on a counter and told Tackett that she could search the bag. Tackett searched Lewis's bag and did not find any drugs. Lewis then consented to a search of her person. Tackett patted the pockets of Lewis's coat and did not find anything. Lewis withdrew her consent to the search when Tackett attempted to pat Lewis down around her stomach area. Lewis then walked into a bathroom stall eight to ten feet from where they had been standing and shut the stall door.

Tackett stayed by the counter, outside the bathroom stalls. After hearing a crinkling sound from Lewis's stall, Tackett walked to the front of the stall and stood four feet from the front of the stall. Tackett repositioned herself, by taking a step to the right, so she could see Lewis through an opening 5/16 to 3/8 of an inch wide between the stall's door and the partition. Tackett observed Lewis put her hands

2

down the front of her pants and pull out three or four small packages, which she placed in her carry-on bag. After Lewis finished placing the plastic packages in her carry-on bag, Tackett stepped away from the stall while Lewis used the toilet. Lewis came out of the stall and appeared startled to see Tackett. Tackett told Lewis that she wanted to talk to her about the packages Tackett observed her remove out of her pants and place in her carry-on bag. When Lewis asked if she was under arrest, Tackett responded that she was not under arrest but she wanted to detain Lewis for further investigation. Tackett and Lewis walked out of the bathroom and met Detective Hoover, who had been waiting outside the bathroom. Tackett told Hoover what she had seen. As Hoover took Lewis's bag and looked inside it, Lewis walked away towards an airport exit door. After Hoover found four packages containing cocaine base on top of other items, Tackett informed Lewis that she was under arrest.

Lewis claims that she was subjected to an illegal search in violation of the Fourth Amendment while occupying the bathroom. She contends that Tackett's action of approaching the bathroom stall and looking through the gap on the hinged side of the door constituted an illegal search.

A person claiming to have been subjected to an unlawful search must first establish as a threshold matter that she had a legitimate expectation of privacy in the particular area searched. Rakas v. Illinois, 439 U.S. 128, 148-49 (1978). An expectation of privacy is legitimate only where "(1) the individual manifests a subjective expectation of privacy in the object of the challenged search; and (2) society is willing to recognize that subjective expectation as reasonable." United States v. Pinson, 24 F.3d 1056, 1058 (8th Cir.) (citing Katz v. United States, 389 U.S. 347, 361 (1967)), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3456 (U.S. Dec. 12, 1994) (No. 94-402).

An occupant of a toilet stall in a public rest room may have a reasonable expectation of privacy against surreptitious police surveillance of the interior of the stall. See United States v. White, 890 F.2d 1012, 1015 (8th Cir. 1989), cert. denied, 497 U.S. 1010 (1990). But that expectation is not absolute. Id. #7F 79AD#A]n occupant of the toilet stall would reasonably expect to enjoy such privacy as the stall afforded.'"

3

Id. (quoting People v. Kalchik, 407 N.W.2d 627, 631 (Mich. App. 1987)).

Immediately before Detective Tackett made her observations, Lewis was the subject of a lawful consensual search. See United States v. Delaney, 52 F.3d 182, 188 (8th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3246 (U.S. Oct. 2, 1995) (Nos. 95-5118, 95-5134). Lewis had no indication that Tackett had left the bathroom. Furthermore, Tackett made her observations from the common area of the bathroom by looking through the gap between the stall door and the partition from four feet away. See White, 890 F.2d at 1015. She was standing in a position where she had a legal right to be. Id. She did not position herself in a way that would be unexpected by someone using the bathroom stall, i.e., she did not peer in"`knothole fashion'" through the gap between the stall door and the partition. Id. Nor did Tackett look under or over Lewis's bathroom stall door. Id. Thus, although Lewis could reasonably expect a significant amount of privacy in the bathroom stall, her expectation was not violated because the design of the stall allowed Tackett to make her observations without placing herself in a position that would be unexpected by Lewis. Id.

Lewis next claims that Detective Hoover's search of her bag after she left the bathroom violated the warrant requirement of the Fourth Amendment. The Fourth Amendment requires that a warrantless arrest be based upon probable cause. United States v. Watson, 423 U.S. 411, 417 (1976). Probable cause exists when the facts and circumstances within the officer's knowledge justify a person of reasonable caution to believe that someone has committed a crime. Beck v. Ohio, 379 U.S. 89, 91 (1964). Probable cause is based upon the totality of the circumstances. Illinois v. Gates, 462 U.S. 213, 230-31 (1983). Furthermore, a search conducted incident to a valid custodial arrest is permissible. New York v. Belton, 453 U.S. 454, 462-63 (1981). Where a formal arrest quickly follows the challenged search it is not important that the search preceded the arrest. Rawlings v. Kentucky, 448 U.S. 98, 110-11 (1980).

Detective Tackett observed Lewis as she deplaned a flight from New York. Lewis appeared nervous and held a carry-on bag close to her body. Lewis periodically looked behind her as she walked

4

towards the terminal. When Tackett asked Lewis for identification, Lewis only revealed an airplane ticket for Darius Lewis. Lewis did not have any other identification. Lewis consented to a search of her person, but abruptly ended the search when Tackett attempted to pat Lewis down around her stomach area. Furthermore, while Lewis was in a bathroom stall, Tackett heard the noise of plastic crinkling. Tackett also observed Lewis remove what appeared to Tackett as several small packages from the front of her pants and place them in her carry-on bag, which Tackett had previously searched. When Lewis came out of the bathroom stall she appeared startled to see Tackett. Therefore, based on the totality of the circumstances, probable cause to arrest existed. Gates, 462 U.S. at 230-31. A search incident to that arrest was valid. Belton, 453 U.S. at 462-63. Further, it is irrelevant that the search preceded the arrest. Rawlings , 448 U.S. at 110-11.

Accordingly, we affirm Lewis's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5