**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 7 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ALFRED B. BROOKS,

      Defendant - Appellant.

No. 96-3384

(D.C. No. 95-CR-10001)

(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before TACHA, McKAY, and BRISCOE, Circuit Judges.

---

Defendant-Appellant, Mr. Alfred B. Brooks, was sentenced to twenty-one months in prison and three years of supervised release after pleading guilty to two counts of mail fraud in violation of 18 U.S.C. § 1341. The Defendant was also ordered to pay $94,000 in restitution. Pursuant to a plea bargain agreement, the third count of the indictment against Defendant was dismissed.

The district court granted Defendant several continuances of his sentencing date in order to give him additional time to obtain the restitution. The court stated that

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant's ability to acquire the funds necessary to pay the owed restitution would significantly affect his sentence, i.e., if Defendant obtained restitution money, the court would sentence him to probation; but if he did not, the court would impose a sentence as long as 30 months.[1]  See R., Vol. III at 31, 33; R., Vol. V at 39; R., Vol. VI at 3-4, 13. After five continuances over a six-month time period, the court concluded that Defendant was not being forthright about his ability to obtain restitution and that he had made false statements to the probation office.  See R., Vol. VII at 5, 6-7.  At the final sentencing hearing, the court decided to raise Defendant's total offense level by two levels because of his misrepresentations to the court and the probation office.  See id. at 3, 6-7.  The court then sentenced Defendant to twenty-one months in prison and three years of supervised release.  See id. at 54.

In this appeal, Defendant challenges the legality of his sentence, claiming that the court erred in departing upward from the sentence applicable under the U.S. Sentencing Guidelines.  During the sentencing hearings, the court alternately referred to its adjustment of Defendant's sentence as a "departure"and as an "enhancement."  See R., Vol. VII at 6 ("I'm going to depart") ("justification for the upward departure"); id. at 3, 9 ("The Court intends to enhance by two levels which will then make the offense level a 14 rather than 12.") ("I've decided there to enhance on two levels from 12 to 14.").  The

---

[1] The guideline range indicated in the Presentence Investigation Report was ten to sixteen months.

record clearly reveals that the action taken by the court was to enhance Defendant's total offense level from 12 to 14. The enhancement of the offense level raised the sentencing range from a maximum of sixteen months to a maximum of twenty-one months. See id. at 3-4. Thus the imposition of the twenty-one-month sentence is not an upward departure from the Guidelines, but rather a sentence at the high end of the range applicable under the Guidelines. United States Sentencing Guidelines Manual at 304, Sentencing Table. The statutory limit for violation of 18 U.S.C. § 1341 is five years, thus the sentence imposed is well within the statutory limit.

The distinction between an upward adjustment from the applicable sentence range specified by the Guidelines and an enhancement of a defendant's offense level is important because it determines the standard of review this court must apply to the sentencing court's decision. See United States v. Smith, 930 F.2d 1450, 1453 (10th Cir. 1991). We review the sufficiency of the evidence supporting a sentencing court's decision to enhance a defendant's offense level under the clearly erroneous standard. United States v. Morgan, 936 F.2d 1561, 1573 (10th Cir. 1991). We will not reverse these decisions "unless the court's finding was without factual support in the record, or if after reviewing all the evidence we are left with the definite and firm conviction that a mistake has been made." United States v. Beaulieu, 900 F.2d 1537, 1540 (10th Cir. 1990). Appellate court deference is especially appropriate when the issue is witness credibility. See United States v. Beaulieu, 900 F.2d 1531, 1535 (10th Cir. 1990) (citing

18 U.S.C. § 3742(e)).

We also review a district court's enhancement of a sentence for obstruction of justice under U.S.S.G. § 3C1.1 for clear error. <u>United States v. McCann</u>, 940 F.2d 1352, 1360 (10th Cir. 1991). Section 3C1.1 provides for an increase in a defendant's offense level if he willfully obstructs or impedes the administration of justice during the sentencing phase of the offense proceedings. U.S.S.G. § 3C1.1. An obstruction of justice enhancement may be applied when the defendant provides materially false information to the court or probation officer. <u>See</u> U.S.S.G. § 3C1.1, commentary, notes 3(f) & 3(h).

Although the court did not specifically cite U.S.S.G. § 3C1.1 in its decision to enhance Defendant's offense level, it is sufficiently clear from the court's references to Defendant's dishonest behavior that the court was applying a two-level enhancement for obstruction of justice. <u>See</u> R., Vol. III at 10, 33; R., Vol. V at 37; R., Vol. VI at 8; R., Vol. VII at 7-9, 50. The sentencing court based the enhancement on "the defendant's lack of cooperation with the Court and with the probation officer," and found that Defendant "lied to the probation officer about his finances" and that Defendant appeared to be stringing the court along by his repeated affirmations that he would soon be able to acquire the restitution money when, indeed, he knew that he could not obtain the money. R., Vol. VII at 6-7, 50. There is contradictory evidence in the record regarding the assertions that Defendant hid his assets, did not fully disclose his financial position, and misled the court about his ability to pay restitution. However, there is certainly enough

evidence in the record to support a belief by the district court that Defendant dissembled in his statements to the court regarding whether or not he actually profited from his misdeeds. Under the clearly erroneous standard of review, there is enough evidence in the record to support the district court's enhancement of Defendant's offense level.

We hold that the trial court's determination that Defendant made misrepresentations was not clearly erroneous and that this determination justifies the court's enhancement of his total offense level. We therefore **AFFIRM** the sentence imposed by the district court. This mandate shall issue forthwith.

Entered for the Court


Monroe G. McKay
Circuit Judge