**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 3 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARVIN JOSE GONZALES,

    Defendant - Appellant.

No. 02-1224
D.C. Nos. 01-WM-1866 and
99-CR-291-WM
(D. Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Marvin Gonzales, a federal prisoner appearing pro se, seeks a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2255 motion. Because

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

he has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request and dismiss the appeal.

In March 2000, Gonzales was convicted by a jury of four counts of bank robbery and one count of attempted bank robbery, in violation of 18 U.S.C. § 2113(a).  His convictions were affirmed on appeal.  United States v. Gonzales, No. 00-1238, 2000 WL 1804562 (10th Cir. 2000) (unpublished).  In September 2001, Gonzales filed his § 2255 motion, asserting (1) he received ineffective assistance of counsel; (2) his conviction was based on perjured testimony; (3) the district court lacked jurisdiction to sentence him because the Sentencing Reform Act of 1984 was not properly enacted.  The district court denied the motion on April 12, 2002.

As regards Gonzales' ineffective assistance of counsel claim, we agree with the district court that Gonzales has failed to meet the two-part standard enunciated in Strickland v. Washington, 466 U.S. 668 (1984).  Under Strickland, he first must show that his counsel's performance "fell below an objective standard of reasonableness."  Id. at 688.  "In applying this test, we give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'"  Bullock v. Carver, 297 F.3d 1036, 1044 (10th Cir. 2002) (quoting Strickland, 466 U.S. at 690).  Gonzales must also demonstrate that the deficiency in performance prejudiced him by showing "there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different."

Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Counsel's decision to rely solely on the identification defense, her advice that Gonzales plead guilty, and her suggestion that he take a polygraph test were strategic decisions, or decisions that did not affect the outcome of the trial.

As noted by the district court, Gonzales' perjury claim was disposed of on direct appeal. See Gonzales, 2000 WL 1804562 at *3. Therefore, he may not raise the issue here. See United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989) ("Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255.").

The district court correctly concluded that the Sentencing Reform Act of 1984, part of the Comprehensive Crime Control Act of 1984, has been found to have been properly enacted. See United States v. Zapata-Alavarez, 911 F.2d 1025, 1027 (5th Cir. 1990); United States v. Barnerd, 887 F.2d 841, 842 (8th Cir. 1989).

As a final matter, we note that Gonzales attempts to raise an issue regarding outrageous government conduct. This issue was not asserted in the district court and we decline to address it here. See United States v. Mora, 293 F.3d 1213, 1216 (10th Cir. 2002) ("[W]e find no reason to deviate from the general rule that we do not address arguments presented for the first time on appeal.").

We DENY a certificate of appealability and DISMISS the appeal. Gonzales' request to proceed in forma pauperis on appeal is DENIED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge