989 F.2d 502
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Victor L. ROBINSON, Defendant/Appellant.
 No. 92-2843.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 25, 1993.
Decided March 9, 1993.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin, No. 90 CR 121, Robert W. Warren, Senior Judge.
 
 ORDER
 
 1
 Pursuant to a written plea agreement, Victor L. Robinson pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine. In the plea agreement, Robinson reserved the right to contest the amount of cocaine involved in the conspiracy for purposes of determining his base offense level under the Sentencing Guidelines. Robinson's appointed counsel now seeks to withdraw from this appeal of Robinson's sentence, believing that an appeal would be frivolous. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967); Cir.Rule 51(a). After counsel filed his motion to withdraw, we informed Robinson of his right to respond. Robinson did so, claiming that he had received ineffective assistance of counsel at sentencing, and moved the court to appoint a new attorney to represent him on appeal. Because we find no arguably meritorious issue for appeal, we grant counsel's motion to withdraw, deny Robinson's motion for the appointment of a new attorney, and dismiss this appeal as frivolous.
 
 I. BACKGROUND
 
 2
 A federal grand jury returned a two-count indictment against Victor L. Robinson, charging him with conspiracy to possess with intent to distribute in excess of 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2 (Count I), and possession with intent to distribute approximately 477 grams of a mixture containing cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count II). Robinson entered into a written plea agreement in which he pleaded guilty to Count I but reserved the right to challenge the total amount of cocaine involved in the conspiracy for purposes of determining his sentence under the Sentencing Guidelines.[1] The government agreed to dismiss Count II and to recommend that Robinson's sentence be served concurrently with the State of Wisconsin sentence Robinson was serving.
 
 
 3
 At Robinson's guilty plea hearing, the district court conducted a careful and thorough Rule 11 colloquy.[2] The district court further advised Robinson that if it accepted his guilty plea while reserving the question of the total quantity of cocaine involved, that issue would be resolved at sentencing, where the government's burden of proof would be by a preponderance of the evidence. The court made certain that Robinson understood that this standard was less stringent than the beyond a reasonable doubt standard that applies at a criminal trial, and that Robinson also understood that the court would determine the amount of cocaine involved based on its own factual findings. The district court then accepted Robinson's guilty plea to Count I of the indictment.
 
 
 4
 At Robinson's sentencing hearing, the district court determined that the total amount of cocaine that must be attributed to Robinson exceeded 500 grams. It accordingly set Robinson's base offense level at 26 and then applied a two-point increase pursuant to U.S.S.G. § 3B1.1(c) to account for Robinson's supervisory role in the conspiracy. The court determined that Robinson had a criminal history category of VI. The court also denied a two-point reduction for acceptance of responsibility. The court then sentenced Robinson to 175 months imprisonment, to be served concurrently to his Wisconsin state sentence, followed by five years of supervised release. Another panel of this Court vacated Robinson's sentence on appeal, United States v. Robinson, No. 91-1745 (7th Cir. Dec. 18, 1991) (unpublished order), finding a possible inconsistency in the district court's findings, and remanded for resentencing.
 
 
 5
 At Robinson's resentencing hearing, the district court first noted that Robinson admitted selling 133 grams of cocaine to an undercover police officer. After providing the parties an opportunity to offer further testimony concerning disputed amounts of cocaine that may be attributed to Robinson, the district court focused its attention on an April 3, 1990 traffic stop in Racine, Wisconsin. During that traffic stop, local police confiscated 477 grams of cocaine from an automobile driven by Charlotte Mosley, Robinson's girlfriend and an admitted co-conspirator. At Robinson's first sentencing hearing, the court heard conflicting testimony by Mosley and others concerning whether Robinson was present in or near the automobile at the time of the traffic stop. The court also heard testimony from James Patterson, a confidential government informant who was serving a four-year prison term for federal weapons violations. Patterson testified that on or about April 4, 1990, he telephoned Robinson to ask for a loan and that Robinson replied that he had no money because a pound of his cocaine had just been removed from his automobile by the Racine police.
 
 
 6
 At the time of the first sentencing hearing, the district court stated that it could not find by a preponderance of the evidence that the cocaine seized during the April 3, 1990 traffic stop belonged to Robinson. The court did, however, find that Patterson's testimony was credible, and attributed to Robinson the pound of cocaine Robinson had allegedly told Patterson he lost. On appeal, both Robinson and the government conceded that the 477 grams of cocaine seized on April 3, 1990 from the car driven by Mosley, and the pound of cocaine Robinson admitted losing in his telephone conversation with Patterson, were one and the same. We determined that the district court's findings were potentially inconsistent, because the district court may have believed that the testimony concerned two different packages of cocaine. See United States v. Robinson, No. 91-1745 (7th Cir. Dec. 18, 1991) (unpublished order).
 
 
 7
 At the resentencing hearing, the district court attributed the 477 grams of cocaine seized on April 3, 1990 to Robinson, stating that it found Patterson's testimony concerning his conversation with Robinson to be credible. The court also indicated that it remained concerned about the strength of Mosley's testimony. However, relying on the parties' agreement that the cocaine seized by poilce in the April 3, 1990 traffic stop was the same cocaine as that Robinson admitted losing, the court found by a preponderance of the evidence that the 477 grams should be attributed to Robinson. The court further found that Patterson's testimony concerning several cocaine transactions between himself and Robinson was credible, and that Patterson's testimony therefore established that an additional 142 grams of cocaine could be attributed to Robinson. The court went on to say, however, that because this quantity would not affect Robinson's base offense level under the Guidelines, the court need not formally attribute the 142 grams of cocaine to Robinson. Having determined that a total of more than 500 grams of cocaine were attributable to Robinson, and that Robinson's base offense level accordingly remained the same, the court reimposed the original sentence of 175 months in prison, to be served concurrently with his state sentence.
 
 II. ANALYSIS
 
 8
 In his Anders brief, counsel identified one issue that could conceivably be argued on appeal, namely, whether the district court properly calculated the quantity of cocaine that must be attributed to Robinson for purposes of determining his base offense level under the Sentencing Guidelines.
 
 
 9
 Under §§ 1B1.3(a)(2) and 3D1.2(d) of the Sentencing Guidelines, a district court is required to increase a defendant's base offense level to account for "relevant conduct," which includes drugs from any acts that "were part of the same course of conduct or common scheme or plan" as the convicted offense. United States v. Duarte, 950 F.2d 1255, 1263 (7th Cir.1991), cert. denied, 113 S.Ct. 174 (1992); see also United States v. White, 888 F.2d 490, 500 (7th Cir.1989). As a general matter, "a district court should explicitly state and support ... its finding that the unconvicted activities bore the necessary relation to the convicted offense." Duarte, 950 F.2d at 1263 (collecting cases). At Robinson's resentencing hearing, the district court attributed 477 grams of cocaine to Robinson on the basis of (1) Patterson's testimony that Robinson had told him that a pound of his cocaine had been confiscated, and (2) the parties' stipulation that this package of cocaine was the same cocaine as that seized by police during the April 3, 1990 traffic stop. The district court explicitly credited Patterson's testimony as given at the original sentencing hearing.
 
 
 10
 Counsel has correctly advised us that a district court is accorded a great deal of deference in making credibility determinations. See United States v. Ross, 905 F.2d 1050, 1054-55 (7th Cir.), cert. denied, 111 S.Ct. 172 (1990); United States v. Miller, 891 F.2d 1265, 1269-70 (7th Cir.1989). Absent clear error, a district court's factual findings based upon its assessment of a witness's credibility will not be disturbed on appeal. United States v. Osborne, 931 F.2d 1139, 1153 (7th Cir.1991). "A finding of fact is clearly erroneous only if, after reviewing all the evidence, the appellate court is left 'with the definite and firm conviction that a mistake has been committed' " Anderson v. City of Bessemer City, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542 (1948)). After a careful and thorough examination of the entire record, we are convinced that there was no arguable error in the district court's determination to credit Patterson's testimony and reimpose the original sentence. We therefore agree with counsel that Robinson's appeal is frivolous, in that it "lacks any basis in law or fact." McCoy v. Court of Appeals, 486 U.S. 429, 438-39 n. 10, 108 S.Ct. 1895, 1902 n. 10 (1988); see also United States v. Eggen, No. 91-3843, slip op. at 3 (7th Cir. January 28, 1993).
 
 
 11
 In his response to counsel's motion to withdraw, Robinson claims that he received ineffective assistance of counsel and requests that new counsel be appointed to represent him. Robinson's allegation that counsel was ineffective finds no support in the record. Moreover, "appellate courts generally do not consider claims of ineffective assistance of counsel on direct appeal from guilty pleas," United States v. D'Iguillont, 979 F.2d 612, 614 (7th Cir.1992) (citations omitted), particularly where this determination would require the appellate court to consider evidence outside the record, as Robinson urges us to do. See United States v. Taglia, 922 F.2d 413, 417 (7th Cir.), cert. denied, 111 S.Ct. 2040 (1991). In this case, Robinson alleges that his attorney refused to interview other potential alibi witnesses to corroborate Robinson's claim that he should not be held responsible for the 477 grams of cocaine attributed to him by the district court. At Robinson's resentencing hearing, however, the court asked Robinson directly whether he had anything further to add to the record, and he stated that he did not. (Resentencing Tr. at 28). Robinson's motion for the appointment of new counsel is accordingly denied.
 
 CONCLUSION
 
 12
 Counsel's motion to withdraw is GRANTED, Robinson's motion for the appointment of new counsel is DENIED, and this appeal is DISMISSED.
 
 
 
 [1]
 See United States v. Reynolds, 900 F.2d 1000, 1003-04 (7th Cir.1990) (amount of narcotics possessed is not an element of the charged offense) (citations omitted)
 
 
 [2]
 In particular, the court fully complied with Rule 11(c)(1), advising Robinson of the mandatory minimum penalty and the maximum penalty he would be facing if it was determined at sentencing that he was indeed responsible for more than 500 grams of cocaine. At the time of the plea hearing, Robinson only admitted to selling approximately 133 grams of cocaine to a government informant