UNITED STATES of America, Plaintiff,

v.

Carl Edward COLE, Defendant.

No. 1:92:CR:65.

United States District Court, W.D. Michigan.

April 13, 1993.

David A. Dodge, David A. Dodge, P.C., Grand Rapids, MI, Kelly A. Shadowens, Nieuwenhuis & Shadowens, Grand Rapids, MI, Frank E. Stanley, Frank Stanley, P.C., Grand Rapids, MI, for defendant.

Jeffrey E. Theodore, John A. Smietanka, U.S. Atty., Grand Rapids, MI, for plaintiff.

## OPINION I.

ENSLEN, District Judge.

This case is before the Court for sentencing of defendant Carl Edward Cole. Defendant Cole is a 27–year–old white male who on October 14, 1992 was found guilty by a jury of a two-count indictment charging him with a firearms offense. Specifically, Count I of the indictment charged that Cole knowingly received and possessed a firearm, to wit: a bomb, which was not registered to him in the National Firearms Registration and Transfer record, in violation of Title 26, sections 5861(d), 5845 and 5871. Count II charged Mr. Cole with knowingly making a firearm, to wit: a bomb, in violation of Title 26, sections 5861(f), 5845, 5871 and 5822. Because the offense to which defendant was found guilty occurred on or about June 29, 1989, the Sentencing Reform Act and the Guidelines are applicable.

The government has no objections to the presentence report. Defendant has two primary objections: (1) Mr. Cole objects to the "cross-referencing" of his conviction from a firearms offense to attempted murder. By cross-referencing his conviction, the base offense level jumps from a level 12 to a level 20; and, (2) Mr. Cole objects to the two-point increase for obstruction of justice.

## FACTS

On June 29, 1989 a pipe bomb had exploded at 6:30 a.m. in a vehicle owned and operated by an employee of Bil Mar Foods, located in Zeeland, Michigan. The explosion occurred in the parking lot of Bil Mar. The van was owned by Leopoldo Alvarado. It is unclear why the pipe bomb went off, that is, no one could determine whether the bomb was lit—or—whether a timing device set it off—or—what caused the pipe bomb to explode.

The Bureau of Alcohol, Tobacco & Firearms ("ATF") began an immediate investigation of the incident. Mr. Alvarado was one of the first people interviewed by ATF agents. He informed the agents that he believed a man by the name of Carl Edward Cole was responsible for putting the device in his van because he and Mr. Cole were

rivals for a woman named Theresa Ackerberg. They previously had a fist fight over Ms. Ackerberg.

Mr. Cole was investigated by ATF. He was interviewed on several occasions and denied planting the bomb on Mr. Alvarado's van. Moreover, Mr. Cole stated that he never made pipe bombs or any other types of explosives. However, there was evidence that Mr. Cole did in fact experiment with explosive devices prior to June 29, 1989.

## SENTENCING

The base offense level is 12, however, as I indicated, the probation officer cross-referenced this offense to attempted murder pursuant to section 2K2.2(c) and came up with a base level of 20. The probation officer increased this level by an additional nine points by adding 7 points for specific offense characteristics (2 points because more than minimal planning was involved and 5 points because a firearm was discharged). I note that these points are only added on because of the cross-reference. Additionally, the probation officer added 2 points for obstruction of justice. Thus, the sentencing level recommended by the probation officer, and supported by the government, is 29. The criminal history level is zero. Under the Guidelines, the imprisonment range for a level of 29 and a criminal history category of I is 87 to 108 months.

## OBJECTIONS

Before I address the specific objections, I note that because the offense here occurred in 1989 and the sentencing is in 1993, it is unclear which version of the guidelines should be used. Specifically, both the 1988 and 1992 version of the guidelines are examined by the parties. Section 1B1.11 provides, in part, "The Court shall use the Guidelines Manual in effect on the date that the defendant is sentenced. If the court determines that use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the *ex post facto* clause of the United States Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of conviction was com-

mitted." U.S.S.G. § 1B1.11 (1992 version); *see also United States v. Nagi,* 947 F.2d 211 (6th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 2309, 119 L.Ed.2d 230 (1992). Essentially, then, the defendant gets the benefit of any substantive change.[1] For the most part, the parties in this case agree that the 1988 version of the Guidelines is applicable.

**Cross-Referencing**

The Defendant first objects to the cross-referencing of his conviction from a firearms offense to attempted murder. Specifically, the probation officer determined that the firearms offense was governed by section 2K2.2(a) (1988 version). Under this provision, the base level is 12. However, pursuant to 2K2.2(c) (1988 version), the probation officer cross-referenced defendants conviction to attempted murder and came up with a base level of 20. 2K2.2(c) provides, in part, "if the defendant used the firearm in committing or attempting another offense, apply the guideline for such offense or section 2X1.1 (attempt or conspiracy), if the resulting offense level is higher than that determined above." The 20 level comes from the attempted murder guideline, 2A2.1(a) (1988 version).

There is little law to guide the Court on this issue. Defendant cites *Braxton v. United States,* — U.S. —, 111 S.Ct. 1854, 114 L.Ed.2d 385 (1991) in his brief for legal support. As the government notes, *Braxton* is not relevant to the case before the Court, with one exception. As I read *Braxton,* it does stand for the proposition that, in order to cross-reference to an attempted murder charge in the Guidelines, the government must prove the requisite mens rea. *Id.* at — & —, 111 S.Ct. at 1857 & 1859, 114 L.Ed.2d at 392 & 393 (at the footnote). Specifically, the government must show that the defendant had a "specific intent" to commit the unlawful act. Here, because attempted murder is a specific attempt crime, the government must show that Cole had a "specific intent" to commit a murder. I do not think that there is any disagreement between the parties as to this point.

Next, the Court must decide who has the burden of proof. Again, I do not think that there is any dispute that the Government bears the burden here. *United States v. Feinman,* 930 F.2d 495, 500 (6th Cir.1991) (citing *United States v. Silverman,* 889 F.2d 1531, 1535 (6th Cir.1989)). Additionally, I must decide what burden the government bears. It appears that without any dispute the government must prove by a "preponderance of evidence" that Cole had the mens rea to commit murder. *Feinman,* 930 F.2d at 500; *see also United States v. Townley,* 929 F.2d 365, 369 (8th Cir.1991) ("a preponderance of evidence suffices for determinations at sentencing").

The constitutionality of the preponderance standard has not been raised in this case. Quite frankly, I think this case is a good one to challenge the validity of this standard. Here, defendant was convicted of violating a strict liability federal crime, that is, he made and possessed a firearm. The government did not have to prove any mens rea—except that defendant knowingly possessed and made the firearm. Defendant was not on trial for attempted murder, a specific intent state crime. If he were, the government would have had the extremely heavy burden of proving, *beyond a reasonable doubt,* and to a jury of twelve citizens, that defendant had the mens rea (specific intent) to kill Mr. Alvarado. Now, through the miracle (or back door) of the sentencing guidelines, the product of the Sentencing Commission, dubbed a "junior-varsity Congress" by Justice Scalia, *Mistretta v. United States,* 488 U.S. 361, 427, 109 S.Ct. 647, 682, 102 L.Ed.2d 714 (1989) (Scalia, J., dissenting), the government argues that the Court can sentence a defendant to a much more serious state crime under the mere preponderance of evidence standard by showing to only a judge that the defendant committed the crime. In this case, Cole's sentence under the attempted murder guideline could be approximately ten times longer than if he were sentenced under the simple firearms guideline.

---

**1.** The Court also notes that under § 1B1.11(b)(2), it must apply whatever guidelines are in effect in their entirety. I can not piecemeal the guidelines together. However, if I apply an earlier version of the guidelines, any subsequent amendments which are clarifying rather than substantive may be considered.

1404

The Supreme Court held in *re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), that the due process clause requires the government to prove every element of the crime with which a defendant is charged beyond a reasonable doubt. *Id.* at 364, 90 S.Ct. at 1072. If the government fails to sustain this high burden of proof on any element, the defendant must be acquitted. *Id.; United States v. Persico,* 832 F.2d 705, 714 (2d Cir.1987), *cert. denied,* 486 U.S. 1022, 108 S.Ct. 1995, 100 L.Ed.2d 227 (1988); *U.S. ex rel. Hickey v. Jeffes,* 571 F.2d 762, 764 (3d Cir.1978); *Mason v. Balkcom,* 669 F.2d 222, 224–26 (5th Cir.), *cert. denied,* 460 U.S. 1016, 103 S.Ct. 1260, 75 L.Ed.2d 487 (1983); *Stacy v. Love,* 679 F.2d 1209, 1213–14 (6th Cir.), *cert. denied,* 459 U.S. 1009, 103 S.Ct. 364, 74 L.Ed.2d 400 (1982); *Tamapua v. Shimoda,* 796 F.2d 261, 263 (9th Cir.1986); *United States v. McIntyre,* 836 F.2d 467, 471–71 (10th Cir.1987); *Thomas v. Kemp,* 800 F.2d 1024, 1026 (11th Cir.1986), *cert. denied,* 481 U.S. 1041, 107 S.Ct. 1982, 95 L.Ed.2d 822 (1987). The defendant must also be acquitted when the court fails to instruct the jury on any element that the prosecution is required to prove beyond a reasonable doubt. *See, e.g., United States v. Mentz,* 840 F.2d 315, 319 (6th Cir.1988).

Under the preponderance standard for factual issues at sentencing, upheld by many courts across the country,[2] the government is able to have a defendant sentenced for a crime that not only was not proven beyond a reasonable doubt, but also that the twelve person jury never considered. While some commentators and others have attempted to differentiate sentencing from the trial phase of the proceedings, I find this distinction lacking. Undoubtedly, the events at sentencing often amount to the case of the "tail wagging the dog of the substantive offense." *United States v. Lam Kwong–Wah,* 966 F.2d 682, 688 (D.C.Cir.1992). I find that the opinion of District Court Judge Smalkin

in *United States v. Carroll,* 798 F.Supp. 291 (D.Md.1992) to be right on point when he quoted the Queen of Hearts in Lewis Carroll's *Alice's Adventures in Wonderland* to say, "Sentence first—verdict afterwards." *Carroll,* 798 F.Supp. at 294 (quoting Lewis Carroll, *Alice's Adventures in Wonderland* 146 (Random House 1946)).

Nonetheless, for the moment, the preponderance of evidence standard is the law. Thus, I will proceed under this standard. The government must prove to the Court under the preponderance of evidence that Mr. Cole had the mens rea to commit the murder of Mr. Alvarado. In support of their argument, the government makes the following points:

1) Mr. Cole and Mr. Alvarado had an "ongoing feud" over Theresa Ackerberg;

2) Ken Ackerberg, Theresa Ackerberg's brother, testified that Mr. Cole contacted him a few weeks prior to the bombing of Mr. Alvarado's van. Mr. Ackerberg states that Mr. Cole stated that he "wanted to get Alvarado out of his life" and then asked him (Ackerberg) how to plant a bomb on a vehicle.

3) The exploded pipe bomb had the destructive power of a grenade;

4) Mr. Cole had experimented with pipe bombs prior to the bombing of Alvarado's van.

Accordingly, the government argues that the evidence "clearly demonstrates that the Defendant attempted to kill Alvarado." Government Brief at 4.

Mr. Cole argues the following factual points with respect to his mens rea:

1) The defendant and Alvarado had argued and had a fist fight over a woman in which they were both interested;

2) Mr. Cole has no prior criminal record;

2. *United States v. Walton,* 908 F.2d 1289, 1302 (6th Cir.), *cert. denied,* 498 U.S. 906, 111 S.Ct. 273, 112 L.Ed.2d 229 (1990); *United States v. Burke,* 888 F.2d 862 (D.C.Cir.1989); *United States v. Ross,* 905 F.2d 1050, 1054 (7th Cir.), *cert. denied,* 498 U.S. 863, 111 S.Ct. 172, 112 L.Ed.2d 136 (1990); *United States v. Wilson,* 900 F.2d 1350, 1354 (9th Cir.1990); *United States v. Frederick,* 897 F.2d 490, 493 (10th Cir.), *cert. denied,* 498 U.S. 863, 111 S.Ct. 171, 112 L.Ed.2d 135 (1990); *United States v. McDowell,* 888 F.2d 285, 290–91 (3d Cir.1989); *United States v. Guerra,* 888 F.2d 247, 250–51 (2d Cir.1989), *cert. denied,* 494 U.S. 1090, 110 S.Ct. 1833, 108 L.Ed.2d 961 (1990).

3) Mr. Cole denies placing the pipe bomb in Alvarado's van; and has never admitted any intent to injure or kill Alvarado;

4) No one was hurt in the explosion;

5) The van was not extensively damaged;

■ Accordingly, defendant argues that there are "several reasonable interpretations of the evidence" and that the evidence is ambiguous at best. Thus, his sentence should not be "cross-referenced" to include the attempted murder guideline.

I find that the government has not met its burden here. As defendant suggests in his brief, the evidence is ambiguous as to Mr. Cole's intent, even under the preponderance of evidence standard. For instance, among other items, I note that there was no clear testimony at trial about the ignition device on the pipe bomb that exploded in Mr. Alvarado's van. From the expert testimony, I understand that there are generally three ways for a pipe bomb to explode: (1) some sort of timing device, like a clock, could be a part of the bomb; (2) a long fuse could be used that would delay an explosion; or (3) the bomb could have a short fuse that causes the bomb to explode seconds after the fuse is lit. Here, there was no evidence to prove that a timing device was used in the bomb that exploded in Mr. Alvarado's van. Moreover, there was no evidence that a long fuse was used in this bomb. Specifically, no "burn patterns" were discovered on Mr. Alvarado's van where the bomb was located. According to defendant's expert, burn patterns are almost always present when a bomb has a long fuse. Thus, the Court is led to the conclusion that this bomb had a short fuse. With such a fuse, the bomb explodes seconds after being lit. The significance of this fact for our purposes is that it sheds light on Mr. Cole's intent. Clearly, if Mr. Cole placed and lit a bomb with a short fuse under Mr. Alvarado's van in the Bil Mar parking lot on June 29, 1989, then he had to know that no one, including Mr. Alvarado, was in the van (because, obviously, the van was empty and parked in the lot at Bil Mar—Cole must have waited until Alvarado and the other occupants of the van went into work before placing and igniting the pipe bomb). If this is the case, then Mr. Cole could not have had the intent to kill Mr. Alvarado.

Accordingly, I find that Mr. Cole should be sentenced under § 2K2.2(a). The Court will not "cross-reference" Mr. Cole's crime to attempted murder. Thus, the base level for this offense is 12.

**Obstruction of Justice**

■ Defendant argues that he should not receive a two-point increase for obstruction of justice under section 3C1.1. The probation officer and the government argue that, because Mr. Cole attempted to conceal material evidence during the course of the ATF investigation, he should receive the two-point increase. Specifically, the government argues that Mr. Cole took pyrodex, fuse and metal pipe from his residence to a Mr. Jeff Millis so that the special agents would not find these items.

Mr. Cole does not dispute these facts. Instead, the defendant argues two points: (1) that he did not "actually and significantly impede the investigation or the case," Defendant's Brief at 16; and (2) that he did not have "intent to impede the investigation." *Id.* at 17. In support of his first argument, that he did not significantly impede the investigation, defendant cites five cases that stand for the proposition that when making a false statement to a law enforcement officer, the false statement must be significant in order to receive a two-point increase for obstruction of justice. However, as is pointed out by the government, these five cases involve situations where false statements were made to authorities, not the concealment of evidence. Thus, these cases are not applicable here.

Section 3C1.1 provides, "If the defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense, increase the offense level from Chapter Two by 2 levels." Moreover, the relevant application notes state:

1. The following conduct, while not exclusive, may provide a basis for applying this adjustment:

(a) destroying or concealing material evidence, or attempting to do so;

(b) directing or procuring another person to destroy or conceal material evidence, or attempting to do so;

Many courts have found that attempting to conceal, or concealing evidence is grounds for a two-point increase for obstruction of justice. *See, e.g., United States v. Brown,* 944 F.2d 1377 (7th Cir.1991).

The Court finds that in attempting to conceal evidence, Mr. Cole obstructed justice. Accordingly, he will receive a two-point increase for his acts.

### Government's Motion for an Upward Departure

I understand from the government's brief that, since the Court found that defendant did not have the appropriate mens rea for attempted murder, the government would like to make a motion for an upward departure.

Because defendant did not have any opportunity or notice to respond to this motion which was filed yesterday (January 12, 1992), the Court must adjourn this sentencing and allow defendant the opportunity to respond to the government's motion. *See Burns v. United States,* ⸺ U.S. ⸺, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991); *United States v. Anders,* 899 F.2d 570, 575–77 (6th Cir.1990).