[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12477
Non-Argument Calendar
_____

D.C. Docket No. 9:11-cr-80210-KAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD ALEXANDER HEYN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 20, 2015)

Before TJOFLAT, WILSON, and MARTIN, Circuit Judges.

PER CURIAM:

Richard Alexander Heyn appeals his 120-month sentence, imposed after a

jury found him guilty of making and possessing a destructive device, in violation of 26 U.S.C. § 5861(d) and (f).[1] On appeal, Heyn argues that the district court clearly erred by enhancing his advisory guideline range after finding that he committed the underlying offense in connection with an attempted murder. He also argues that the district court's fact finding on this issue violated his Sixth Amendment right to a jury trial. Finally, he argues that his 120-month sentence was substantively unreasonable. After careful consideration, we affirm.

## I.

We review de novo a district court's interpretation and application of the Sentencing Guidelines, but we accept the court's fact findings unless they are clearly erroneous. United States v. Cruz, 713 F.3d 600, 605 (11th Cir. 2013). The district court does not clearly err "where there are two acceptable views of the evidence." United States v. Reeves, 742 F.3d 487, 507 (11th Cir. 2014).

Under Sentencing Guidelines 2K2.1, 2X1.1, and 2A2.1, a defendant convicted of making and possessing a destructive device under § 5861 begins with a base offense level of 33 if the violation occurred in connection with attempted murder. "For purposes of § 2A2.1(a)(1), murder is defined as 'the unlawful killing of a human being with malice aforethought.'" United States v. Mock, 523 F.3d

---

[1] Sections 5861(d) and (f) apply to "firearms." Section 5845(a) defines a "[f]irearm" as, among other things, "a destructive device." Section 5845(f) in turn defines a "[d]estructive device" as, among other things, "any explosive [or] incendiary . . . bomb."

1299, 1303 (11th Cir. 2008) (quoting 18 U.S.C. § 1111(a)).  A person is guilty of attempted murder if he had the specific intent to kill the victim and took a "substantial step" towards doing so.  Braxton v. United States, 500 U.S. 344, 349, 351 n.*, 111 S. Ct. 1854, 1858, 1859 n.* (1991); United States v. Yost, 479 F.3d 815, 819 (11th Cir. 2007) (per curiam).  "A substantial step can be shown when the defendant's objective acts mark his conduct as criminal and, as a whole, strongly corroborate the required culpability."  Yost, 479 F.3d at 819.  To apply the enhancement, the district court must find attempted murder only by a preponderance of the evidence.  See United States v. Smith, 480 F.3d 1277, 1281 (11th Cir. 2007).

The district court did not clearly err when it found by a preponderance of the evidence that Heyn committed the offenses of his conviction in connection with an attempted murder.  A jury found Heyn guilty of constructing and possessing a remotely ignited pipe bomb that was built to cause a potentially lethal explosion.  This pipe bomb was discovered attached to the gas tank of a vehicle that was driven by the husband of a woman with whom Heyn was having an affair.  Before the district court, Heyn raised questions about whether he or that woman actually attached the bomb to the car.  But even if Heyn did not personally attach the bomb, a preponderance of the evidence supported the finding that he built it and at least gave it to the wife of the intended victim, and could therefore be sentenced as a co-

3

conspirator. See USSG § 1B1.3(a)(1) (members of a conspiracy are responsible for the acts of co-conspirators). Because Heyn constructed and possessed the pipe bomb, the district court did not clearly err in finding that Heyn took a substantial step toward committing the attempted murder.

Heyn cites to United States v. Cole, 817 F. Supp. 1401 (W.D. Mich. 1993), in which a district court in the Western District of Michigan refused to apply the attempted murder cross-reference in a similar pipe-bomb case where the bomb damaged an unattended vehicle. Id. at 1405. However, in that case, the court determined that the pipe bomb was made in a way that would have required the defendant to ignite the bomb in person and seconds before it exploded, indicating that the defendant did not intend to murder the vehicle's owner. Id. By contrast, this case involved a remote ignition system that could have allowed Heyn to wait until the victim was alone in the vehicle to detonate the bomb. Regardless, the fact that the district court here viewed the evidence differently from a trial court in another jurisdiction does not constitute clear error. As this Court has noted, "where there are two acceptable views of the evidence, the factfinder's choice cannot be clearly erroneous." Reeves, 742 F.3d at 507.

## II.

Heyn next argues that the district court violated his Sixth Amendment right

to a jury trial by finding by a preponderance of the evidence that he committed attempted murder. Our binding precedent forecloses this argument. We have consistently held that a district court may make factual findings at sentencing by a preponderance of the evidence, so long as the additional fact findings do not result in an increase in the statutory maximum or minimum sentence authorized by the jury verdict. United States v. Charles, 757 F.3d 1222, 1225–26 (11th Cir. 2014). The statutory maximum sentence for a violation for § 5861(d) and (f) is 120-months imprisonment. 26 U.S.C. § 5871.[2] The district court made findings of fact that increased Heyn's advisory guidelines range but not the statutory maximum. As such, this sentence did not violate Heyn's right to a jury trial. See United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008) (per curiam) ("[W]e are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court." (quotation marks omitted)).

## III.

We review the reasonableness of a district court's sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). A district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear

---

[2] There is no statutory minimum.

5

error of judgment in considering the proper factors." United States v. Campa, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc).  Reasonableness review encompasses the totality of the circumstances, and the party challenging the sentence has the burden of showing that it is unreasonable.  United States v. Dougherty, 754 F.3d 1353, 1361 (11th Cir. 2014).

The district court must evaluate all of the 18 U.S.C. § 3553(a) factors, but it may attach great weight to one factor over the others.  Id. at 1361.  A district court's statement that it considered the § 3553(a) factors is sufficient to establish that it did not fail to afford consideration to the statutory factors.  United States v. Docampo, 573 F.3d 1091, 1100 (11th Cir. 2009).  We defer to the district court's judgment regarding the weight of the factors unless the court has "made a clear error of judgment and has imposed a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  Dougherty, 754 F.3d at 1361–62 (quotation omitted).

Here, the district court stated that it considered all of the § 3553(a) factors, and there is no evidence that it gave significant weight to an improper or irrelevant factor.  Beyond that, the district court did not make a clear error of judgment in weighing the factors.  It was permissible to find that constructing and placing a powerful pipe bomb on a vehicle's gas tank was a serious offense that required significant punishment, even when weighed against Heyn's lack of criminal

6

history.  The district court did not abuse its discretion in sentencing Heyn to 120-months imprisonment.

**AFFIRMED.**